UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ALBERT C. BURGESS, JR., No. 88539-071,

      Petitioner,

    v.

WARDEN S. SPAULDING,

      Respondent.

Case No. 21-cv-1716-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Albert C. Burgess, Jr.'s petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 (Doc. 1).  The petitioner is incarcerated at the United States Penitentiary at Marion, Illinois ("USP-Marion"), where S. Spaulding is the warden.  The proper respondent in a § 2241 petition is the person who has custody of petitioner, the warden.  Therefore, the Court **DIRECTS** the Clerk of Court to substitute Warden S. Spaulding as respondent.

The petitioner is challenging the loss of good conduct credit based on discipline he received at USP-Marion in May 2021.  This matter is now before the Court for preliminary review pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts.  Rule 4 provides that upon preliminary consideration by a district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Rule 1(b) of the Federal Rules Governing Section 2254 Cases gives this Court the authority to apply the rules to other *habeas corpus* cases like the one at bar.

In August 2010, Burgess was sentenced for two crimes related to child pornography in the United States District Court for the Western District of North Carolina.  *United States v.*

*Burgess*, No. 1:09-cr-17 (W.D.N.C.).  He is currently incarcerated at USP-Marion with a projected release date of June 20, 2029.  *See* BOP, Find an Inmate, https://www.bop.gov/ inmateloc/ (visited Feb. 24, 2022).

In May 2021, the petitioner lost an unspecified amount of good conduct credit based on Incident Report 34877006 ("IR"), which charged him with possessing a dangerous weapon (Code 104) and fighting with another person (Code 201).  Burgess asserts that he was simply defending himself from an attack by another inmate.  He further complains that he was not allowed to call witnesses at his disciplinary hearing.  He believes that the Bureau of Prisons ("BOP") violated his due process rights in depriving him of good conduct credit.  He asks the Court to overturn his disciplinary conviction, restore his lost good conduct credit, and determine his proper custody level.

A petitioner may bring a petition under 28 U.S.C. § 2241 to challenge the fact or duration of the petitioner's confinement.  *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973).  This includes claims for restoration of wrongfully revoked good conduct credit.  *Jones v. Cross*, 637 F.3d 841 (7th Cir. 2011); *Waletzki v. Keohane*, 13 F.3d 1079 (7th Cir. 1994).

Prisoners are entitled to due process before being deprived in prison disciplinary proceedings of their liberty interests in earned good conduct credit.  *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007).  A prisoner is entitled to be given:

> (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action.

*Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992), *accord Scruggs*, 485 F.3d at 939; *see Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985);

*Wolff v. McDonnell,* 418 U.S. 539 (1974).  Due process also requires that the disciplinary decision be supported by "some evidence."  *Hill*, 472 U.S. at 454.

Burgess's claims for restoration of good conduct credit are properly raised in this § 2241 petition.  *Jones*, 637 F.3d 841 (due process claim); *Waletzki*, 13 F.3d 1079 (denial of good conduct credit).  Accordingly, it is not plainly apparent that the petitioner is not entitled to habeas relief.  Without commenting on the merits of the petitioner's claims, the Court concludes that the § 2241 petition survives preliminary review pursuant to Rule 4, and the Court will order a response.

**IT IS THEREFORE ORDERED** that the respondent shall answer or otherwise plead on or before **March 28, 2022**.  This preliminary order to respond does not preclude the respondent from raising any objection or defense the respondent may wish to present.  Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

The petitioner is **ADVISED** of his continuing obligation to keep the Clerk and opposing parties informed of any change in the petitioner's whereabouts during the pendency of this action.  This notification must be in writing no later than 7 days after a transfer or other change in address.  Failure to provide notice may result in dismissal of this action.  *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**
**DATED:  February 25, 2022**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**

3