UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ALBERT C. BURGESS, JR., No. 88539-071,

       Petitioner,

v.

WARDEN D. SPROUL,

       Respondent.

Case No. 21-cv-1716-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Albert C. Burgess, Jr.'s petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 (Doc. 1) in which he brings a due process challenge to the loss of good conduct credit as discipline at the United States Penitentiary at Marion, Illinois ("USP-Marion") in May 2021. Warden Daniel Sproul, warden at USP-Marion, has responded to the motion (Doc. 17), and Burgess has submitted a letter which the Court construes as a reply brief (Doc. 18).[1] The Court denies the petition because Burgess received due process in his disciplinary proceedings.

**I.    Background**

In August 2010, Burgess was sentenced in the United States District Court for the Western District of North Carolina for two crimes related to child pornography. *United States v. Burgess*, No. 1:09-cr-17 (W.D.N.C.). He is currently incarcerated at USP-Marion with a projected release date of June 20, 2029. *See* BOP, Find an Inmate, https://www.bop.gov/inmateloc/ (visited June 1, 2022).

On March 25, 2021, Burgess and one of his cellmates were involved in an altercation that

---

[1] Burgess's reply appears to concern whether he used the proper forms to exhaust administrative remedies, but the respondent has not alleged failure to exhaust in this case.

was not observed by prison staff. When prison staff arrived on the scene, they saw that Burgess had broken glasses and an abrasion to his left eye and that his cellmate had a bloody laceration on the back of his head. The incident resulted in Incident Report 3487706 ("IR"), which charged Burgess with possessing a dangerous weapon (Code 104[2]) and fighting with another person (Code 201[3]).

Burgess had a hearing before disciplinary hearing officer ("DHO") Michael Banuelos in May 2021. Before the hearing, Burgess signed of written waiver of his right to call witnesses and, indeed, he never requested that any witnesses be called or sought to introduce any documentary evidence. At the hearing, DHO Banuelos considered: the IR, investigation documents (including statements of the participants in post-incident interviews), Burgess's statement at the hearing, photographs of the scene, medical records, and staff memoranda. The evidence supported a finding that that Burgess's cellmate threw a padlock at him and injured his left eye, then Burgess and the cellmate engaged in a brief fistfight, then stopped. Burgess stated about what followed the fistfight: "This was a case of self-defense. I got my lock, I pushed him back and I popped him on top of the head with the lock." Thus, he admitted that he used his lock to physically assault his cellmate. Burgess asserted that he was acting in self-defense against his cellmate who was preparing to attack him again. DHO Banuelos concluded that Burgess had admitted possessing an item that he used as a weapon and fighting with another person, the prohibited acts charged in the IR. Among other sanctions, DHO Banuelos disallowed 68 days of good time credit—41 days for possessing a weapon and 27 days for fighting.

---

[2] Prohibited Act 104 forbids: "*Possession*, manufacture, or introduction of a gun, firearm, weapon, sharpened instrument, knife, dangerous chemical, explosive, ammunition, or *any instrument used as a weapon*." 28 C.F.R. § 541.3, Table 1 (emphasis added).
[3] Prohibited Act 201 forbids: "Fighting with another person." 28 C.F.R. § 541.3, Table 1.

In his § 2241 petition, Burgess asserts that that his conduct was in self-defense, which he believes should provide a defense to the charges, and that he was not allowed to call witnesses at the disciplinary hearing, in violation of his due process rights. He asks the Court to overturn his disciplinary conviction, restore his lost good time credit, and determine his proper custody level. The respondent maintains that there was sufficient evidence to support the disciplinary conviction and that, even if Burgess had been exercising self-defense, that would not preclude the loss of good time credit as a disciplinary measure.

**II.     Applicable Law**

A federal inmate may file a § 2241 petition to challenge the disciplinary revocation of good conduct credit on the grounds that he did not receive due process in connection with that disciplinary decision. *Jones v. Cross*, 637 F.3d 841 (7th Cir. 2011). Although inmates retain due process rights in connection with prison disciplinary proceedings, such proceedings "are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Nevertheless, due process in the prison disciplinary context requires, at a minimum, that the inmate receive:

> (1) written notice of the claimed violation at least 24 hours before hearing; (2) an opportunity to call witnesses and present documentary evidence (when consistent with institutional safety) to an impartial decision-maker; and (3) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action.

*Jones*, 637 F.3d at 845 (citing *Wolff*, 418 U.S. at 563-71; *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007)). Due process also requires that there be "some evidence [to] support[] the decision . . . to revoke good time credit." *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455 (1985); *see Jones*, 637 F.3d at 845.

3

**III.   Analysis**

Burgess's petition raises two grounds for relief:  he was deprived of the opportunity to call witnesses and the disciplinary decision was not adequately supported by the evidence.

A.   Opportunity to Call Witnesses

"Inmates have a due process right to call witnesses at their disciplinary hearings when doing so would be consistent with institutional safety and correctional goals." *Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003) (citing *Wolff*, 418 U.S. at 566).  To the extent Burgess claims he was deprived of the opportunity to call witnesses, the record shows that he signed a written waiver of that right and that at no time did he make it known that he wanted to call any witnesses.  Nothing Burgess asserts suggests that he did not freely make the decision to forego calling witnesses.  His own decision to do so was not a violation of his due process rights such that he is entitled to relief under § 2241.

B.   Sufficiency of the Evidence

To the extent Burgess challenges the adequacy of the evidence to support DHO Banuelos's disciplinary decision, Burgess's argument is unpersuasive.  "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016).  "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence.  Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.  The evidence to support the disciplinary decision does not need to "logically preclude[] any conclusion but the one reached by the disciplinary board." *Id.* at 457.

Burgess's statement at the hearing itself—"This was a case of self-defense. I got my lock, I pushed him back and I popped him on top of the head with the lock."—provided "some evidence" logically supporting DHO Banuelos's decision that Burgess committed the offenses charged. He admitted that he retrieved his padlock and used it to hit his cellmate in the head. His cellmate's post-incident statement as well as the injuries to the cellmate's head corroborated Burgess's statement that he had physical possession of his padlock and used it as a weapon to hit his cellmate in the head. DHO Banuelos's disciplinary finding was sufficiently supported by the foregoing evidence.

Whether Burgess acted in self-defense is not relevant to whether he committed the charged disciplinary offenses. "Prisoners lack even a right to invoke self-defense in disciplinary proceedings when they have resorted to violence as a means of protecting themselves." *Gevas v. McLaughlin*, 798 F.3d 475, 484 (7th Cir. 2015); *accord Jones v. Cross*, 637 F.3d 841, 848 (7th Cir. 2011). Thus, self-defense was not a defense to the charges against Burgess, and DHO Banuelos was not obligated to consider it as one.

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** Burgess's § 2241 petition and **DIRECTS** the Clerk of Court to enter judgment accordingly.

If the petitioner wishes to appeal this decision, generally he must file a notice of appeal with this Court within 60 days of the entry of judgment. Fed. R. App. P. 4(a)(1)(B). A motion under Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than 28 days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from judgment, do not toll the deadline for an appeal.

If the petitioner files a motion for leave to appeal *in forma pauperis*, he must include in his motion a description of the issues he intends to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If he appeals and is allowed to proceed *in forma pauperis*, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008). It is not necessary for the petitioner to obtain a certificate of appealability from this disposition of his § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**
**DATED:  June 9, 2022**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**